Filed 7/15/26  P. v. Mayes CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEDVIENO MAYES,<br>    Defendant and Appellant. | C103588<br><br>(Super. Ct. Nos. STK-CR-FE-2011-0007803, SF119150A) |

Defendant Stedvieno Mayes appeals from a postconviction order denying his resentencing petition under Penal Code section 1172.6.[1]  Appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) asking this court to conduct an independent review of the record.  Defendant filed a supplemental brief.  We affirm.

**BACKGROUND**

As relevant here, in 2013 a jury found defendant guilty of several crimes, including first degree murder.  (*People v. Mayes* (June 28, 2021, C090622) [nonpub.

---

[1]    Undesignated statutory references are to the Penal Code.

1

opn.].)**2** On direct appeal, we modified the judgment to stay the sentence on his robbery conviction under section 654, affirmed the remainder of the judgment, and remanded for resentencing. (*People v. Mayes*, *supra*, C073853.)

In 2019, defendant filed a petition under what is now section 1172.6 to have his murder conviction vacated. (*People v. Mayes*, *supra*, C090622.) The trial court denied the petition without first appointing counsel and giving the parties an opportunity to file additional briefing. (*Ibid*.) We reversed the order denying the petition and remanded for the court to appoint counsel for defendant and proceed in accordance with the requirements of section 1172.6. (*People v. Mayes*, *supra*, C090622.)

On remand, the trial court held a hearing and again denied the resentencing petition, finding that defendant acted with reckless indifference to human life. (*People v. Mayes*, *supra*, C097314.) We concluded there was insufficient evidence to support that finding. (*Ibid*.) We reversed the order denying the petition and remanded for the court to vacate defendant's murder conviction and resentence him on his remaining convictions. (*Ibid*.)

In 2024, the trial court vacated defendant's murder conviction and resentenced defendant. (*People v. Mayes*, *supra*, C100806.) On appeal, defendant argued the court erred in failing to dismiss one of his firearm enhancements. (*Ibid*.) We rejected this argument and affirmed the judgment. (*Ibid*.)

---

**2**     On the court's own motion, we take judicial notice of this court's unpublished opinions in defendant's appeals of the original judgment (*People v. Mayes* (July 7, 2015, C073853) [nonpub. opn.]), the summary denial of defendant's resentencing petition (*People v. Mayes*, *supra*, C090622), the order denying the resentencing petition after hearing (*People v. Mayes* (Oct. 20, 2023, C097314) [nonpub. opn.]), and the resentencing (*People v. Mayes* (Dec. 31, 2024, C100806) [nonpub. opn.]). (Evid. Code, §§ 451, subd. (a), 452, subd. (d), 459, subd. (a).)

In 2025, defendant filed another section 1172.6. petition for resentencing. The trial court denied the petition in a written order, stating that defendant's murder conviction had already been vacated.

Defendant timely appealed.

## DISCUSSION

Appellate counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232; *People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel and this court of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief.

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid*.)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures for such cases, explaining that when a defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id*. at p. 232.) But the filing of a supplemental brief does not compel the court to independently review the entire record to identify unraised issues, though it may exercise its discretion to do so. (*Ibid*.)

We decline to conduct an independent review of the record.  In his one-page supplemental brief, defendant says he has "the potential for relief under section 1172.6" pertaining to the "seriousness [of] my charges and allegations is a significant interest."  From this conclusory assertion, we discern no legal argument related to the trial court's denial of his second section 1172.6 petition.  Defendant further states:  "I would also like to know how the issue with my restitution was missed, the court … claims I owe $280 restitution … after court it's $2,240?  That strange, I must be still dreaming!  lol smh!  But anyways thank you for your time; God Bless!"  This statement does not pertain to the legal reason why the court denied defendant's section 1172.6 petition—namely, that defendant's murder conviction had already been vacated.  Accordingly, defendant's supplemental brief does not establish that the court erred in denying his second section 1172.6 petition.

## DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

/s/
WISEMAN, J.*

We concur:

/s/
ROBIE, Acting P. J.

/s/
MESIWALA, J.

---

*  Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.